United States District Court
Southern District of Texas
**ENTERED**
February 26, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEMOSTHENES PSIFIDIS, | § § | CIVIL ACTION NO 4:23-cv-01825 |
| Plaintiff, | § § § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| DEARBORN LIFE INSURANCE COMPANY, | § § § § | |
| Defendant. | § | |

OPINION AND ORDER
DENYING MOTION TO DISMISS

The motion by Defendant Dearborn Life Insurance Company to dismiss the cause of action under the Illinois Wage Payment and Collections Act is denied. Dkt 27.

1. Background

Dearborn is a subsidiary of Health Care Service Corporation that has its headquarters and principal place of business in Illinois. It employed Plaintiff Demosthenes Psifidis, who worked as a senior sales executive in Texas and sold insurance products in Texas and surrounding states. Dkt 16 at 2. Psifidis claims that he was an "exceptional performer" and routinely "exceeded his sales goal[s]." Id at 2–3.

Dearborn terminated Psifidis on December 14, 2022. Ibid. His compensation was governed by a contract that included an incentive plan. As pertinent here, the contract applied to sales from February 1st of 2022 to January 31st of 2023. Psifidis alleges that Dearborn refused to pay him

$260,000 in commissions that he believes was owed for the insurance sold prior to his termination. Id at 3.

Psifidis filed suit stating claims for breach of contract and violation of the Illinois Wage Payment and Collections Act. Dkt 1 at ¶¶51–58. Alternatively, he asserts claims for unjust enrichment and quantum meruit. Id at ¶¶59–75. The count under the IWPCA pertains to the alleged unpaid commissions. Dearborn moved to dismiss that claim, arguing that the Illinois law didn't apply to Psifidis. Dkt 8 at 1. The motion was denied without prejudice, pending repleading by Psifidis to specify travel and work in Illinois. Dkt 25 at 1.

Psifidis filed an amended complaint with such specification. Dkt 26. Pending is Dearborn's renewed motion to dismiss the cause of action under IWPCA for failure to state a claim. Dkt 27.

### 2. Legal standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) allows the defendant to seek dismissal if the plaintiff fails "to state a claim upon which relief can be granted." The reviewing court "must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Walker v Beaumont Independent School District*, 938 F3d 724, 735 (5th Cir 2019), quoting *Campbell v Wells Fargo Bank, NA*, 781 F2d 440, 442 (5th Cir 1986). But "courts 'do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Vouchides v Houston Community College System*, 2011 WL 4592057, *5 (SD Tex), quoting *Gentiello v Rege*, 627 F3d 540, 544 (5th Cir 2010). The court must also generally limit itself to the contents of the pleadings and attachments thereto. *Brand Coupon Network LLC v Catalina Marketing Corp*, 748 F3d 631, 635 (5th Cir 2014).

"Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied

2

in any case is the law of the state." *Erie Railroad Co v Tompkins,* 304 US 64, 78 (1938). Ample Fifth Circuit precedent guides the determination.

If the supreme court of the pertinent state has expressly resolved the issue, that ruling must be applied. See *Herrmann Holdings Ltd v Lucent Technologies Inc,* 302 F3d 552, 558 (5th Cir 2002) (applying *Erie* guess where "Texas Supreme Court has not yet ruled" on issue). But if that supreme court hasn't spoken directly to the issue, the duty of the district court is to "attempt to predict state law, not to create or modify it." Id at 558, quoting *United Parcel Service, Inc v Weben Industries, Inc,* 794 F2d 1005, 1008 (5th Cir 1986). As such, the federal district court must make an *Erie* guess as to what it believes that supreme court would most likely decide under the facts of the case. For example, see *Jackson v Johns–Manville Sales Corp,* 781 F2d 394, 397 (5th Cir 1986) (holding that duty of federal court is to determine what the state supreme court "would deem best," and is "emphatically not permitted" to simply do what federal court "thinks best"). Beyond this, the district court is directed to defer to intermediate state appellate court decisions "unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *First National Bank of Durant v Trans Terra Corp,* 142 F3d 802, 809 (5th Cir 1998).

    3.  Analysis

By its express terms, the Illinois Wage Payment and Collection Act applies to "employers and employees in [Illinois]." 820 ILCS 115/1. But application of IWPCA "is not limited to any specific quantum of work performed in Illinois." *Watts v ADDO Management LLC,* 97 NE3d 75, 82 (Ill App Ct 2018). The Illinois Appellate Court has determined that an Illinois resident, hired by an Illinois company, is covered by the IWPCA "even where all of the work is performed outside of" the state. Ibid.

Notwithstanding the breadth of that holding, several federal district courts in the Northern District of Illinois have interpreted this holding to "allow[ ] IWPCA claims by employees who worked *partially* in Illinois." *Piquion v*

3

*Amerifreight Systems LLC,* 2023 WL 8113379, *18 (ND Ill) (emphasis added), citing *Tsybikov v Dovgal,* 2023 WL 4029823, *2 (ND Ill); *Prokhorov v IIK Transport, Inc,* 2023 WL 2711599, *4 (ND Ill); *Yata v BDJ Trucking Co,* 2018 WL 3303290, *4–5 (ND Ill).

It needn't be decided whether IWPCA applies merely upon hiring by an Illinois employer or depends upon partial work in Illinois. This is so because Plaintiff's amended complaint meets even the more limited basis. He alleges that, even though he's a nonresident employee, he didn't work entirely outside of Illinois. Specifically, he alleges that, "pursuant to his employment with Dearborn," he traveled to Illinois "at least once annually" to "meet with Dearborn leadership, underwriters, account managers, other sales representatives, and medical counterparts regarding matters relevant to his role selling Dearborn's products" from 2015 to 2020. Dkt 26 at ¶¶29–31.

Accepting these pleaded facts as true, Psifidis has sufficiently alleged that he performed at least some work in Illinois. In the phrasing of Rule 8(a)(2), it is potentially possible that he may be "entitled to relief" under Illinois law.

The motion to dismiss is thus appropriately denied.

4.  Conclusion

The motion by Defendant Dearborn Life Insurance Company to dismiss the cause of action under the Illinois Wage Payment and Collections Act is DENIED. Dkt 27.

SO ORDERED.

Signed on February 22, 2024, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge

4